**Salvador G. ABOUD, Petitioner–Appellant,**

**v.**

**Matilde Esther MAUAS, Respondent–**

134

Appellee.*

No. 05–6643–cv.

United States Court of Appeals,
Second Circuit.

Feb. 12, 2007.

Mirta Del Rio, New York, NY, for Appellant.

Cecilia A. Silver, Weil, Gotshal & Manges, LLP, (Lynda M. Braun, on the brief), New York, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROSEMARY S. POOLER, Circuit Judge, Hon. LEONARD B. SAND, District Judge.**

### SUMMARY ORDER

Salvador Aboud appeals from the October 31, 2005 order and November 9, 2005 judgment of the United States District Court for the Eastern District of New York (Townes, J.), dismissing for lack of jurisdiction his petition requesting the return of his daughter to Argentina under

---

* We direct the Clerk of the Court to alter the official caption to reflect that Aboud and Mauas are petitioner and respondent, respectively.

** The Honorable Leonard B. Sand, United States District Court for the Southern District of New York, sitting by designation.

the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11670, 1343 U.N.T.S. 89, *reprinted in* 51 Fed.Reg. 10,494 (1986) ("Hague Convention"), and the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 11601 *et seq.* (the implementing statute). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Aboud and respondent Matilde Esther Mauas were married in Argentina in 1996; their daughter, Jaia Sara Aboud, was born the following year. The couple separated in 1998, and divorced in 2003. Pursuant to the divorce agreement, Mauas was permitted to take Jaia to the United States for a period of ninety days. She did so, but the ninety-day period has long since passed and neither Mauas nor Jaia has returned. Aboud seeks the return of his daughter to Argentina.

■ A district court has jurisdiction to order the return of a child under the Hague Convention and ICARA if (1) the child's removal was in violation of a person's custody rights, and (2) those rights were actually exercised at the time of removal. *Croll v. Croll,* 229 F.3d 133, 137 (2d Cir.2000). We agree with the district court that Aboud did not actually possess custody rights at the time of his daughter's removal to the United States; we therefore affirm the district court's dismissal of Aboud's petition.

■ Under the terms of Aboud's and Mauas's divorce, *tenencia* of Jaia was awarded to Mauas. The parties have provided several competing definitions of *tenencia:* tenancy, physical custody, or pos-

session. But the parties agree that the divorce agreement and Argentinian law grant Aboud *only* the following rights as to his daughter: to see her twice a week; to "supervise" her education; to grant her legal emancipation; and to consent before she is allowed to marry, join a religious group, enter the armed forces, leave the country, sue, or dispose of property.

This bundle of rights does not amount to custody for purposes of the Hague Convention and ICARA; it amounts to no more than "rights of access": to see his daughter at specified times and to veto certain decisions. *Croll,* 229 F.3d at 137–38. Visitation rights and negative rights are not custodial rights under the Hague Convention and ICARA. *Id.* at 138–39. In the absence of any custodial rights that could have been violated by Jaia's removal, the district court lacked jurisdiction to grant his petition, as the district court concluded. The Hague Convention provides Aboud with several remedies for the alleged violation of his access rights, but return of Jaia to Argentina is not one of them. *See id.* at 143–44.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**